IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PERRY C. WRIGHT, et al.

Plaintiffs,

v. CIVIL NO.: WDQ-04-cv-1370

HOME DEPOT U.S.A., INC.

Defendant.

* * * * * * * * * * * * *

MEMORANDUM OPINION AND ORDER

Perry Wright ("Wright"), Lori Wright, Perry Wright, as the trustee of the assets and liabilities of Wright's Country Lawncare, Inc. ("WCL"), and Wright's Country Landscaping Services, Inc. ("WCLS") sued Home Depot U.S.A., Inc. ("Home Depot") for injuries sustained by Perry Wright. Pending is Home Depot's motion for partial summary judgment. For the following reasons, Home Depot's motion for partial summary judgment will be granted.

I. BACKGROUND

On October 3, 2000, Wright entered the Home Depot on East Joppa Road in Baltimore, Maryland to buy materials for WCL. Compl. at ¶ 13. Wright was an officer, director and shareholder of WCL. *Id*. at ¶ 4. WCLS is the successor corporation to WCL. *Id*. at ¶ 5. Wright entered an aisle with shelves of large concrete blocks. *Id*. at ¶ 14. While inspecting the concrete blocks, a forklift on the other side of the aisle "bumped into and/or rammed into" the aisle, causing several concrete blocks to fall onto Wright. *Id*. at ¶ 15.

Wright alleges that the falling merchandise caused him to fall to the ground where he suffered physical injuries. *Id*. at ¶ 17. Plaintiffs assert various tort causes of action and seek damages in excess of $5,000,000.

## II. LEGAL DISCUSSION

### A. Motion for Summary Judgment

#### 1. Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask... whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely. *Celotex*

*Corp. v. Catrett,* 477 U.S. 317 (1986). The existence of a mere "scintilla" of evidence is not sufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

2. Claims Dismissed

Plaintiffs consent to the dismissal of the following counts in the Complaint: concealment (Count III); negligent hiring and/or retention (Count IV); negligent supervision (Counts V and VI); negligent entrustment (Count VII); violation of the Maryland Consumer Protection Act (incorrectly labeled Count VII). Pl. Resp. Mot. at 2. The Court will dismiss these counts with prejudice.

3. Claims Withdrawn on Summary Judgment

Home Depot agrees to withdraw its motion for summary judgment regarding the negligence (Count I) and premises liability (Count II) claims. Reply Mot. at 3. The parties have not raised any arguments in their motions regarding the claim for loss of consortium (Count VIII). Accordingly, the Court will not consider these claims at this time.

4. Corporate Plaintiffs

Plaintiffs contend that WCL and WCLS have sustained injury by virtue of the injuries sustained by Wright. Home Depot argues that any injury sustained by Wright does not create a cause of action in

the corporate Plaintiffs and that Home Depot owed no duty to WCL and WCLS.

A corporation that is a non-entity cannot be a party to an action. *Bodnar v. Brisfield*, 60 Md. App. 524, 534, 483 A.2d 1290, 1296 (Md. Ct. Spec. App. 1984). WCLS is the successor corporation to WCL, therefore, WCL is no longer a viable corporate entity and cannot be a party to this action.

Under Maryland law, a negligence claim requires a showing that: (1) defendant owed a duty to the plaintiff; (2) defendant breached the duty; (3) a causal relationship existed between the breach of duty and the harm suffered; and (4) plaintiff suffered damages. *Hardesty v. American Seating Co.*, 194 F. Supp. 2d 447, 450 (D. Md. 2002). The existence of a legal duty is a question of law. *Id*. Wright has not established that Home Depot owed any duty to WCLS. Absent a duty owed to plaintiff, there can be no liability in negligence and the defendant is entitled to judgment as a matter of law. *Rhaney v. University of Maryland Eastern Shore*, 388 Md. 585, 597, 880 A.2d 357, 364 (Md. 2005) (*citing Remsburg v. Montgomery*, 376 Md. 568, 581, 831 A.2d 18, 25 (Md. 2003); *Southerland Corp. v. Griffith*, 332 Md. 704, 712, 633 A.2d 84, 88 (Md. 1993); *West Va. Cent. & Pittsburgh Ry. Co. v. Fuller*, 96 Md. 652, 666, 54 A. 669, 671-72 (Md. 1903)). Accordingly, judgment will be entered against WCLS.

CONCLUSION

For the reasons discussed above, Home Depot's partial motion for summary judgment will be granted.

December 15, 2005

/s/
William D. Quarles, Jr.
United States District Judge